## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD A. LEWIS and TRINA
M. LEWIS,

      Plaintiffs,

    v.

CITIMORTGAGE, INC.,

      Defendant.

      :
      :
      :   CIVIL ACTION NO.:
      :
      :   JURY TRIAL DEMANDED
      :
      :
      :
      :
      :

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant CitiMortgage, Inc. ("CMI"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby removes the above-captioned civil action currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. Removal to this Court is proper based on both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In support of this Notice of Removal, CMI states as follows:

## THE STATE COURT ACTION

1.      On or about February 8, 2017, an action was filed by plaintiffs Richard Lewis and Trina Lewis ("Plaintiffs") in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 170202422 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders" received by CMI are attached to this Notice of Removal as **Exhibit 1.**

2.     CMI has not filed a responsive pleading in the Court of Common Pleas of Philadelphia County.

3.     The Complaint asserts fraud claims related to Plaintiffs' allegations regarding CMI's alleged handling of Plaintiffs' mortgage loan. Plaintiffs' primary theory of liability is that CMI unlawfully acquired its interest in Plaintiffs' loan from other parties. Compl. (Ex. 1) ¶ 5. Plaintiffs also argue that the securitization process breaks the chain of title, making the associated promissory note "defective" and "unenforceable." *Id.* ¶ 10.

4.     The complaint seeks compensatory and special monetary damages of $2,000,000.

5.     Plaintiffs' current complaint is another attempt to re-litigate their discredited theories. Approximately six months ago, this Court already rejected Plaintiffs' theories of liability and dismissed their case with prejudice. *Lewis v. Citibank, NA., et al.*, 179 F. Supp. 3d 458 (E.D. Pa. 2016) (Dalzell, J.), *Lewis v. Citibank, NA., et al.*, 315 F.R.D. 641 (E.D. Pa. 2016) (Dalzell, J.). Now proceeding *pro se*, Plaintiffs attempt to re-litigate these same issues.

## FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

6.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the action "aris[es] under the Constitution, laws, or treaties of the United States." Jurisdiction exists under § 1331 "where an issue of federal law appears on the face of the complaint." *DeFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 445–46 (3d Cir. 2003). *See also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (a claim "arises under" federal law "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]").

7.     Here, federal question jurisdiction exists on the face of the Complaint, as Plaintiffs concede that such jurisdiction exists here. For example, Plaintiffs allege that "[t]his

Court has original jurisdiction...pursuant to 28 U.S.C. §§ 1331 and 1391" as well as jurisdiction under "28 U.S.C. § 1343(4)."   Compl. (Ex. 1) ¶ 14.

## DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

8.      This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a). Diversity jurisdiction exists under § 1332(a) because this action is: (a) between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      **There is Complete Diversity of Citizenship**. Plaintiffs indicate in their complaint that they are residents of Ambler, Pennsylvania. Compl. (Ex. 1) at 5.

10.     "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Courts consider such factors as "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business," as well as "location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *Id.* Plaintiffs are citizens of Pennsylvania based on allegations in the Complaint that their principal residence, which they are attempting to retain through filing this Complaint, is in this Commonwealth, evincing an intention of making this Commonwealth their "true, fixed and permanent home." *Id.*; *see also* Compl. (Ex. 1) ¶ 15 (noting they are "fighting to save their home[]").

11.     Defendant CMI is **not** a citizen of Pennsylvania. Rather, Defendant CMI is a New York corporation with its principal place of business in Missouri. It is therefore a citizen of New York and Missouri for diversity purposes. 28 U.S.C. § 1332(c)(1) ("a corporation shall be

deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

12.     **The Amount In Controversy Exceeds $75,000**. On the face of the Complaint, the amount in controversy exceeds $75,000, exclusive of costs and interest. Plaintiffs allege that they have suffered financial damages, "mental stress, anguish and sleepless nights" and ask for damages of $2,000,000. Compl. (Ex. 1) ¶ 15. Because the amount in controversy is established by the face of the complaint and the dollar amount actually claimed by a plaintiff, *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961), the amount in controversy here exceeds $75,000.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

13.     **Venue Is Proper**. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania, which is the federal district court encompassing the court where the state court action was filed. 28 U.S.C. § 118(a).

14.     **Removal Is Timely**. CMI was served with a Summons on February 13, 2016. CMI is removing this case within 30 days of that date. *See* 28 U.S.C. § 1446(b)(1).

15.     **Pleadings and Process**. Copies of all process, pleadings, orders, and other papers or exhibits of any kind on file with the state court are attached hereto as **Exhibit 1**, in compliance with 28 U.S.C. § 1446(a). Defendant CMI has paid the appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

16.     **Notice**. A copy of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County as provided by 28 U.S.C. § 1446.

17.     Written notice of the filing of this Notice of Removal will be served upon all parties via their counsel of record.

18.     **Signature**. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed by counsel for the Defendant CMI below.

19.     **No Prior Removal**. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

**WHEREFORE**, Defendant CMI respectfully removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 170202422, to this Court.

Dated:  March 13, 2017          Respectfully submitted,

**GRIESING LAW LLC**

By: _____

HEATHER RUSSELL FINE, ESQUIRE
*Attorney Identification No.: 88020*
1717 Arch Street – Suite 3630
Philadelphia, PA  19103
215-732-3925

*Attorneys for Defendant CitiMortgage, Inc.*

5

# Exhibit 1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2017**

E-Filing Number: 1702016078

**002422**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RICHARD A. LEWIS | CITIMORTGAGE, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 344 FRANKLIN CT<br>AMBLER PA 19002-1019 | 1000 TECHNOLOGY DRIVE<br>O'FALLEN MO 63368 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TRINA M. LEWIS | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 344 FRANKLIN CT<br>AMBLER PA 19002-1019 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 1 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

4F - FRAUD

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>FEB 08 2017<br>K. EDWARDS | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES     NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RICHARD A LEWIS , TRINA M LEWIS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| TRINA LEWIS | 344 FRANKLIN CT<br>AMBLER PA 19002 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (267)421-4471 | none entered |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| na | trina.lewis2@icloud.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| TRINA LEWIS | Wednesday, February 08, 2017, 11:23 am |

FINAL COPY (Approved by the Prothonotary Clerk)

JS 44  (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

Richard A. Lewis
Trina M. Lewis
344 Franklin Ct.      Ambler, PA. 19002

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Citimortgage Inc.
1000 Technology Drive
O' Fallen, MO. 63368-2240

County of Residence of First Listed
*(IN U.S. PLAIN...)*

NOTE:   IN LAND CONDEMNATION CA...
THE TRACT OF LAND INVOLVE...

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Dodd Frank Act, Securities Fraud

Brief description of cause:
Securities Fraud, and violation of Dodd Frank Act leave homeowners on the verse of loosing their home

## VII. REQUESTED IN
## COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
2,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
## IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

Case ID: 170202422

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

JS 44 Reverse (Rev 07/16)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case ID: 170202422



**Certified Forensic Loan Auditors**



# CERTIFIED FORENSIC LOAN AUDITORS, LLC

### 13101 West Washington Blvd., Suite 140, Los Angeles, CA 90066
### Phone Numbers:  888-758-2352 and 832-932-3951
### Sales@CertifiedForensicLoanAuditors.com
### www.CertifiedForensicLoanAuditors.com

# *PROPERTY*
# *SECURITIZATION ANALYSIS REPORT*™

### *Prepared for:*

## *RICHARD A. LEWIS and TRINA M. LEWIS*

### *For Property Address*

### *344 Franklin Court*
### *Ambler, PA 19002*

### *Prepared on:*

### *March 29, 2016*

**Disclosure:** You have engaged Certified Forensic Loan Auditors, LLC to examine your real estate documents. This information is not to be construed as legal advice or the practice of law, pursuant to *Business and Professions Code § 6125 et seq*, it is the intent of CFLA, its members, auditors and independent contractors, not to engage in activities that could be considered the practice of law by conduct exhibiting any of the following practices: "*...the doing and/or performing of services in a court of justice in any matter depending therein throughout the various stages and in conformity with the adopted rules of procedure. It includes legal advice and counsel and the preparation of legal instruments and contracts by which the legal rights are secured although such matter may or may not be depending in a court.*"

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

# SECTION 1:    TRANSACTION DETAILS

## BORROWER & CO-BORROWER:

| BORROWER | CO-BORROWERS |
|---|---|
| Richard A. Lewis | Trina M. Lewis |
| **CURRENT ADDRESS** | **SUBJECT ADDRESS** |
| 344 Franklin Court, Ambler, PA 19002 | 344 Franklin Court, Ambler, PA 19002 |

## TRANSACTION PARTICIPANTS

| AMOUNT | MORTGAGE SERVICER | MORTGAGE NOMINEE/BENEFICIARY |
|---|---|---|
| $460,000.00 | CitiMortgage, Inc. O'Fallon, MO | Mortgage Electronic Registration Systems, Inc. ("MERS") PO Box 2026 Flint, MI 48501-2026 (888)679-MERS |
| **ORIGINAL MORTGAGE LENDER** | **LOAN TYPE** | **TITLE COMPANY** |
| Lehman Brothers Bank, F.S.B. 2530 S. Parker Road Suite 601 Aurora, CO 80014 | Conventional 30 Year Fixed Rate Mortgage With Prepayment Rider | PLAC, Inc. d/b/a Access National Settlement Services 212 W. Gay Street West Chester, PA 19390 <br> **Documents Returned To:** Aurora Loan Services, Inc. 601 5th Avenue Scottsbluff, NE 69363 |

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

# SECTION 2:    SECURITIZATION

## SECURITIZATION PARTICIPANTS:

| ORIGINATOR/LENDER | SPONSOR/SELLER | DEPOSITOR |
|---|---|---|
| **LEHMAN BROTHERS BANK, F.S.B.** | **LEHMAN BROTHERS HOLDINGS, INC.** | **STRUCTURED ASSET SECURITIES CORPORATION** |
| **ISSUING ENTITY** | **TRUSTEE** | **MASTER SERVICER/ SERVICER** |
| **STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS** | **CITIBANK, N.A.** | **AURORA LOAN SERVICES, INC.** |
| **CUSTODIAN** | **CUT – OFF DATE** | **CLOSING DATE** |
| **CITIBANK, N.A.**<br><br>**or Appointee** | **October 1, 2003** | **On or about October 30, 2003** |

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

## PROSPECTUS SUPPLEMENT

<TYPE>424B5

Filed Pursuant to Rule 424(b)(5)
Registration File No.: 333-106925

PROSPECTUS SUPPLEMENT
(To Prospectus dated August 26, 2003)

$270,800,000 (APPROXIMATE)

# STRUCTURED ASSET SECURITIES CORPORATION
## MORTGAGE PASS-THROUGH CERTIFICATES,
## SERIES 2003-36XS

AURORA LOAN SERVICES
A Lehman Brothers Company

AURORA LOAN SERVICES INC.
MASTER SERVICER

--------------------------------------------------

Underwriter:
LEHMAN BROTHERS

The date of this prospectus supplement is October 29, 2003.

http://www.sec.gov/Archives/edgar/data/808851/000095013603002657/file001.txt

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

## SUMMARY OF TRANSACTION AND TRANSACTION PARTIES

### SUMMARY OF TERMS

o    THIS SUMMARY HIGHLIGHTS SELECTED INFORMATION FROM THIS DOCUMENT AND DOES
NOT CONTAIN ALL OF THE INFORMATION THAT YOU NEED TO CONSIDER IN MAKING YOUR
INVESTMENT DECISION. TO UNDERSTAND ALL OF THE TERMS OF THE OFFERING OF THE
CERTIFICATES, IT IS NECESSARY THAT YOU READ CAREFULLY THIS ENTIRE DOCUMENT
AND THE ACCOMPANYING PROSPECTUS.

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

### PARTIES

**TRUSTEE**

    Citibank, N.A.

**SELLER**

    Lehman Brothers Holdings Inc. will sell the mortgage loans to the
depositor.

**DEPOSITOR**

    Structured Asset Securities Corporation, a Delaware special purpose
corporation, will sell the mortgage loans to the trust.

**ORIGINATORS**

    Approximately 44.38%, 36.14% and 12.28% of the mortgage loans were
originated by First National Bank of Nevada, Aurora Loan Services Inc. and SIB
Mortgage Corp., respectively. The remainder of the mortgage loans were
originated by various other banks, savings and loans and other mortgage lending
institutions.

    See "Description of the Mortgage Pool" in this prospectus supplement.

**PRIMARY SERVICERS**

    The mortgage loans initially will be serviced by a variety of primary

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

servicers identified under "The Servicers" in this prospectus supplement which includes Aurora Loan Services Inc.

## MASTER SERVICER

Aurora Loan Services Inc., an affiliate of the seller, the depositor and Lehman Brothers Inc., will oversee the servicing of the primary servicers.

## CAP PROVIDER

The trust will enter into an interest rate cap agreement with Lehman Brothers Derivatives Products Inc. to protect the Class A1 Certificates against certain interest rate risk.

## CERTIFICATE INSURER

MBIA Insurance Corporation will provide a certificate guaranty insurance policy for the Class A5 Certificates.

Page S-1

---
---

## THE MORTGAGE LOANS

### General

On the closing date, which is expected to be on or about October 30, 2003, the assets of the trust fund will consist primarily of approximately 1,211 conventional, first lien, fixed rate, fully amortizing and balloon, residential mortgage loans with a total principal balance as of the cut-off date, which is October 1, 2003 with respect to approximately 87.82% of the mortgage loans and October 9, 2003 with respect to approximately 12.18% of the mortgage loans, of approximately $270,800,148. The mortgage loans will be secured by mortgages, deeds of trust, or other security instruments, all of which are referred to in this prospectus supplement as mortgages.

Approximately 10.18%, 0.43% and 89.39% of the mortgage loans have original terms to stated maturity of approximately 15 years, 20 years or 30 years, respectively. The mortgage loans in the trust fund will not be insured or guaranteed by any government agency.

Page S-5

http://www.sec.gov/Archives/edgar/data/808851/000095013603002657/file001.txt

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-
Case ID: 170202422



**Certified Forensic Loan Auditors**

## ASSIGNMENT OF THE MORTGAGE LOANS

### ASSIGNMENT OF MORTGAGE LOANS

The Mortgage Loans will be assigned by the Depositor to the Trustee, together with all principal and interest received with respect to the Mortgage Loans on and after the Cut-off Date (other than Scheduled Payments due on that date). The Trustee will, concurrently with such assignment, authenticate and deliver the Certificates. Each Mortgage Loan will be identified in a schedule appearing as an exhibit to the Trust Agreement which will specify with respect to each Mortgage Loan, among other things, the original principal balance and the Scheduled Principal Balance as of the close of business on the Cut-off Date, the Mortgage Rate, the Scheduled Payment, the maturity date, the applicable Servicer and the applicable Prepayment Premium.

As to each Mortgage Loan, the following documents are generally required to be delivered to the Trustee (or its custodian) in accordance with the Trust Agreement: (1) the related original Mortgage Note endorsed without recourse to the Trustee or in blank, (2) the original Mortgage with evidence of recording indicated thereon (or, if such original recorded Mortgage has not yet been returned by the recording office, a copy thereof certified to be a true and complete copy of such original Mortgage sent for recording) or, in the case of a cooperative loan, the original security agreement and related documents, (3) an original assignment of the Mortgage to the Trustee or in blank in recordable form (except as described below) or, in the case of a cooperative loan, the original assignment of security agreement and related documents, (4) the policies of title insurance issued with respect to each Mortgage Loan, and (5) the originals of any assumption, modification, extension or guaranty agreements. It is expected that the Mortgages or assignments of Mortgage with respect to each Mortgage Loan will have been recorded in the name of an agent on behalf of the holder of the related Mortgage Note. In that case, no Mortgage assignment in favor of the Trustee will be required to be prepared, delivered or recorded. Instead, the related Servicer will be required to take all actions as are necessary to cause the Trustee to be shown as the owner of the related Mortgage Loan on the records of the agent for purposes of the system of recording transfers of beneficial ownership of mortgages maintained by the agent.

One or more of the documents described above, or other documents, are not available with respect to certain of the Mortgage Loans. The Depositor will not be obligated to repurchase or substitute for any such defective Mortgage Loan unless a loss that would otherwise constitute a Realized Loss is incurred with respect to such Mortgage Loan and such loss resulted from the failure to deliver such documents.

The Mortgage Loans were either (i) purchased pursuant to various transfer agreements (each, a "Sale Agreement") by the Seller directly from various transferors (each, a "Transferor") or purchased by Lehman Brothers Bank, FSB ( the "Bank") from various Transferors under a Sale Agreement and subsequently assigned to the Seller, together with all rights and obligations of the Bank

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*
Case ID: 170202422



**Certified Forensic Loan Auditors**

under the related Sale Agreement (the "Transferred Mortgage Loans") or (ii)
originated by the Bank or other affiliate of the Seller and subsequently
assigned to the Seller (the "Lehman Originated Mortgage Loans").

Pursuant to the terms of each Sale Agreement each Transferor has made to
the Seller, as direct purchaser or assignee, as of the date of (or provided in)
the applicable agreement (each such date, a

Page S-55

"Sale Date") certain representations and warranties concerning the Transferred
Mortgage Loans that generally include representations and warranties similar to
those summarized in the Prospectus under the heading "Loan Underwriting
Procedures and Standards -- Representations and Warranties." The Seller's
rights under each Sale Agreement will be assigned by the Seller to the
Depositor pursuant to a mortgage loan sale and assignment agreement (the "Sale
and Assignment Agreement") and, in turn, assigned by the Depositor to the
Trustee for the benefit of holders of the Offered Certificates pursuant to the
Trust Agreement. With respect to any Lehman Originated Mortgage Loans, the
Seller will make certain representations and warranties to the Depositor in the
Sale and Assignment Agreement concerning such Lehman Originated Mortgage Loans
that generally include representations and warranties similar to those
summarized in the Prospectus under the heading "Loan Underwriting Procedures
and Standards -- Representations and Warranties" which will be, in turn,
assigned by the Depositor to the Trustee for the benefit of holders of the
Offered Certificates pursuant to the Trust Agreement. Within the period of time
specified in the Trust Agreement following its discovery of a breach of any
representation or warranty that materially and adversely affects the value of
the related Mortgage Loan (determined without regard to the Certificate
Insurance Policy), or receipt of notice of such breach, the applicable
Transferor or the Seller will be obligated to cure such breach or purchase the
affected Mortgage Loan from the Trust Fund for a price equal to the unpaid
principal balance thereof plus accrued interest thereon plus any costs and
damages incurred by the trust fund in connection with any violation of any
anti-predatory or anti-abusive lending laws (or, in certain circumstances, to
substitute another mortgage loan).

In addition, pursuant to the Sale and Assignment Agreement with respect to
any Transferred Mortgage Loans, the Seller will make to the Depositor (and the
Depositor will assign to the Trustee for the benefit of holders of the Offered
Certificates) only certain limited representations and warranties intended to
address certain material conditions that may arise with respect to the Mortgage
Loans between the applicable Sale Date and the Closing Date. In the event of a
breach of any such representation or warranty that does not constitute a breach
of any representation or warranty made by the applicable Transferor as
described above, the Seller will be obligated in the same manner as the
Transferor to cure such breach or repurchase the affected Mortgage Loans, as
described above. However, the Seller will have no obligation to cure a breach
or repurchase a Transferred Mortgage Loan if the relevant breach is a breach of
a representation or warranty made by the related Transferor under the related
Sale Agreement and such Transferor fails to fulfill its obligations.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

    To the extent that any Mortgage Loan as to which a representation or
warranty has been breached is not repurchased by the applicable Transferor or
the Seller and a Realized Loss occurs with respect to that Mortgage Loan,
holders of Offered Certificates, in particular the Offered Subordinate
Certificates, may incur a loss.

     **http://www.sec.gov/Archives/edgar/data/808851/000095013603002657/file001.txt**

**EMPHASIS ADDED BY EXAMINER:** Depositor Structured Asset Securities Corporation is the only authorized party to assign its interest in loans to the trustee on behalf of certificate holders. Even though Sponsor Lehman Brothers Holdings, Inc. states that evidence of registration in the Mortgage Electronic Registration Systems, Inc. ("MERS") is acceptable in lieu of assignments at the closing date into County records, Lehman Brothers Holdings, Inc. was still subject to applicable state and local laws. The intent of the recording of documents publically is to let all interested parties understand the rights and obligations of real property owners and lenders. The use of a privately-owned alternate system conceals such information; and a lack of internal control may allow unauthorized parties to act as a sponsor, bankruptcy-remote depositor, trustee, or beneficial owner of a security interest simply by having an employee or agent sign that they are an officer of MERS. Lehman Brothers Holdings, Inc. and other securitizing parties cannot just make up their own rules. Nor is MERS a legislative or other government body.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## TRUST AGREEMENT

## STRUCTURED ASSET SECURITIES CORPORATION,
### as Depositor,

## AURORA LOAN SERVICES INC.,
### as Master Servicer,

### and

## CITIBANK, N.A.,
### as Trustee

------------------------------------------------

# TRUST AGREEMENT

### Dated as of October 1, 2003

------------------------------------------------

# STRUCTURED ASSET SECURITIES CORPORATION
## MORTGAGE PASS-THROUGH CERTIFICATES,
## SERIES 2003-36XS

http://www.sec.gov/Archives/edgar/data/1268741/000116231803000519/m20543trustagreement.htm

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

# TRUST AGREEMENT
### Sections 2.01 and 11.06

## Conveyance of Mortgage Loans

Section 2.01    Creation and Declaration of Trust Fund; Conveyance of Mortgage Loans.

(a)

Concurrently with the execution and delivery of this Agreement, the Depositor does hereby transfer, assign, set over, deposit with and otherwise convey to the Trustee, without recourse, subject to Sections 2.02, 2.04, 2.05 and 2.06, in trust, all the right, title and interest of the Depositor in and to the Mortgage Loans. Such conveyance includes, without limitation, the right to all payments of principal and interest received on or with respect to the Mortgage Loans on and after the Cut-off Date (other than payments of principal and interest due on or before such date), and all such payments due after such date but received prior to such date and intended by the related Mortgagors to be applied after such date together with all of the Depositor's right, title and interest in and to the Collection Account, the Certificate Account and all amounts from time to time credited to and the proceeds of the Certificate Account, any Custodial Accounts, any Escrow Account established pursuant to Section 9.06, any Class A1 Reserve Fund established pursuant to Section 5.07 and all amounts from time to time credited to and the proceeds of each such account, any REO Property and the proceeds thereof, the Depositor's rights under any Insurance Policies related to the Mortgage Loans, the Depositor's security interest in any collateral pledged to secure the Mortgage Loans, including the Mortgaged Properties, and any proceeds of the foregoing, to have and to hold, in trust; and the Trustee declares that, subject to the review provided for in Section 2.02, it has received and shall hold the Trust Fund, as trustee, in trust, for the benefit and use of the Holders of the Certificates (except that the Certificate Insurance Policy and the Policy Payments Account shall be held in trust for the benefit of the Class A5 Certificateholders) and for the purposes and subject to the terms and conditions set forth in this Agreement, and, concurrently with such receipt, has caused to be executed, authenticated and delivered to or upon the order of the Depositor, in exchange for the Trust Fund, Certificates in the authorized denominations evidencing the entire ownership of the Trust Fund.

Concurrently with the execution and delivery of this Agreement, the Depositor does hereby assign to the Trustee all of its rights and interest under the Mortgage Loan Sale Agreement, including all rights of the Seller under each related Servicing Agreement and each related Transfer Agreement but, in each case, only to the extent assigned under the Mortgage Loan Sale Agreement. The Trustee hereby accepts such assignment and delegation, and shall be entitled to exercise all the rights of the Depositor under the Mortgage Loan Sale Agreement as if, for such purpose, it were the Depositor. The foregoing sale, transfer, assignment, set-over, deposit, delegation and conveyance does not and is not intended to result in the creation or assumption by the Trustee of any obligation of the Depositor, the Seller or any other Person in connection with the Mortgage Loans or any other agreement or instrument relating thereto except as specifically set forth therein. The Depositor hereby confirms its direction to the Trustee, solely in its capacity as Trustee hereunder, to execute and deliver the Class A1 Cap Agreement. The Trustee shall have no duty or responsibility to enter into any other interest rate cap agreement upon the expiration or termination of the Class A1 Cap Agreement. The Class X Cap component of such Class A1 Cap Agreement shall not be an asset of the Trust Fund, and the Trustee shall account for the Class X Cap as separate and apart from the assets of the Trust Fund, solely for the benefit of the Class X Certificateholder.

Concurrently with the execution of this Agreement, the Certificate Insurance Policy shall be delivered to the Trustee. In connection therewith, the Depositor hereby directs the Trustee (in its capacity as such) to execute and deliver the Insurance Agreement.

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

(b)          In connection with such transfer and assignment, the Depositor does hereby deliver to, and deposit with, or cause to be delivered to and deposited with, the Trustee, and/or the applicable Custodian acting on the Trustee's behalf, the following documents or instruments with respect to each Mortgage Loan (each a "Mortgage File") so transferred and assigned:

(i)          with respect to each Mortgage Loan, the original Mortgage Note endorsed without recourse in proper form to the order of the Trustee, as shown on Exhibit B-4 hereto, or in blank (in each case, with all necessary intervening endorsements, as applicable) or with respect to any lost Mortgage Note, a lost note affidavit stating that the original Mortgage Note was lost, misplaced or destroyed, together with a copy of the related Mortgage Note;

(ii)          if applicable, the original of any guarantee, security agreement or pledge agreement executed in connection with the Mortgage Note, assigned to the Trustee;

(iii)          with respect to any Mortgage Loan other than a Cooperative Loan, the original recorded Mortgage with evidence of recording indicated thereon and the original recorded power of attorney, with evidence of recording thereon. If, in connection with any Mortgage Loan, the Depositor cannot deliver the Mortgage or power of attorney with evidence of recording thereon on or prior to the Closing Date because of a delay caused by the public recording office where such Mortgage has been delivered for recordation or because such Mortgage or power of attorney has been lost, the Depositor shall deliver or cause to be delivered to the Trustee (or the applicable Custodian), in the case of a delay due to recording, a true copy of such Mortgage or power of attorney, pending delivery of the original thereof, together with an Officer's Certificate of the Depositor certifying that the copy of such Mortgage or power of attorney delivered to the Trustee (or the applicable Custodian) is a true copy and that the original of such Mortgage or power of attorney has been forwarded to the public recording office, or, in the case of a Mortgage or power of attorney that has been lost, a copy thereof (certified as provided for under the laws of the appropriate jurisdiction) and a written Opinion of Counsel acceptable to the Trustee and the Depositor that an original recorded Mortgage or power of attorney is not required to enforce the Trustee's interest in the Mortgage Loan;

(iv)          the original of each assumption, modification or substitution agreement, if any, relating to the Mortgage Loans, or, as to any assumption, modification or substitution agreement which cannot be delivered on or prior to the Closing Date because of a delay caused by the public recording office where such assumption, modification or substitution agreement has been delivered for recordation, a photocopy of such assumption, modification or substitution agreement, pending delivery of the original thereof, together with an Officer's Certificate of the Depositor certifying that the copy of such assumption, modification or substitution agreement delivered to the Trustee (or the applicable Custodian) is a true copy and that the original of such agreement has been forwarded to the public recording office;

(v)          with respect to each Non-MERS Mortgage Loan, an original Assignment of Mortgage, in form and substance acceptable for recording. The related Mortgage shall be assigned either (A) in blank, without recourse or (B) to "Citibank, N.A., as trustee (the "Trustee"), under a Trust Agreement, dated as of October 1, 2003, among Structured Asset Securities Corporation, as depositor, Aurora Loan Services Inc., as master servicer and the Trustee, relating to Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2003-36XS, without recourse";

(vi)          if applicable, such original intervening assignments of the Mortgage, notice of transfer or equivalent instrument (each, an "Intervening Assignment"), as may be necessary to show a complete chain of assignment from the

Page | 12

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

originator, or, in the case of an Intervening Assignment that has been lost, a written Opinion of Counsel acceptable to the Trustee that such original Intervening Assignment is not required to enforce the Trustee's interest in the Mortgage Loans;

(vii)

with respect to any Mortgage Loan other than a Cooperative Loan, the original mortgagee title insurance policy or attorney's opinion of title and abstract of title, and, if applicable, the original Primary Mortgage Insurance Policy or certificate;

(viii)

the original of any security agreement, chattel mortgage or equivalent instrument executed in connection with the Mortgage or as to any security agreement, chattel mortgage or their equivalent instrument that cannot be delivered on or prior to the Closing Date because of a delay caused by the public recording office where such document has been delivered for recordation, a photocopy of such document, pending delivery of the original thereof, together with an Officer's Certificate of the Depositor certifying that the copy of such security agreement, chattel mortgage or their equivalent instrument delivered to the Trustee (or the applicable Custodian) is a true copy and that the original of such document has been forwarded to the public recording office;

(ix)

with respect to any manufactured housing contract, any related manufactured housing sales contract, installment loan agreement or participation interest; and

(x)

with respect to any Cooperative Loan, the Cooperative Loan Documents.

The parties hereto acknowledge and agree that the form of endorsement attached hereto as Exhibit B-4 is intended to effect the transfer to the Trustee, for the benefit of the Certificateholders, of the Mortgage Notes and the Mortgages.

(c)

(i) Assignments of Mortgage with respect to each Non-MERS Mortgage Loan other than a Cooperative Loan shall be recorded; *provided, however,* that such Assignments need not be recorded if, on or prior to the Closing Date, the Depositor delivers, at its own expense, an Opinion of Counsel (which must be Independent counsel) acceptable to the Trustee and the Rating Agencies (and which may be in the form of a memorandum of law), to the effect that recording in such states is not required to protect the Trustee's interest in the related Non-MERS Mortgage Loans. Subject to the preceding sentence, as soon as practicable after the Closing Date (but in no event more than three months thereafter except to the extent delays are caused by the applicable recording office), the Trustee, at the expense of the Depositor and with the cooperation of the applicable Servicer, shall cause to be properly recorded by each Servicer in each public recording office where the related Mortgages are recorded each Assignment of Mortgage referred to in subsection (b)(v) above with respect to each Non-MERS Mortgage Loan. With respect to each Cooperative Loan, the Trustee, at the expense of the Depositor and with the cooperation of applicable Servicer, shall cause such Servicer to take such actions as are necessary under applicable law in order to perfect the interest of the Trustee in the related Mortgaged Property.

(ii)

With respect to each MERS Mortgage Loan, the Trustee, at the expense of the Depositor and at the direction and with the cooperation of the applicable Servicer, shall cause to be taken such actions as are necessary to cause the Trustee to be clearly identified as the owner of each such Mortgage Loan on the records of MERS for purposes of the system of recording transfers of beneficial ownership of mortgages maintained by MERS.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

(d)           In instances where a Title Insurance Policy is required to be delivered to the Trustee or the applicable Custodian on behalf of the Trustee under clause (b)(vii) above and is not so delivered, the Depositor will provide a copy of such Title Insurance Policy to the Trustee, or to the applicable Custodian on behalf of the Trustee, as promptly as practicable after the execution and delivery hereof, but in any case within 180 days of the Closing Date.

(e)           For Mortgage Loans (if any) that have been prepaid in full after the Cut-off Date and prior to the Closing Date, the Depositor, in lieu of delivering the above documents, herewith delivers to the Trustee, or to the applicable Custodian on behalf of the Trustee, an Officer's Certificate which shall include a statement to the effect that all amounts received in connection with such prepayment that are required to be deposited in the Collection Account pursuant to Section 4.01 have been so deposited. All original documents that are not delivered to the Trustee or the applicable Custodian on behalf of the Trustee shall be held by the Master Servicer or the applicable Servicer in trust for the benefit of the Trustee and the Certificateholders.

## Governing Law

Section 11.06   Governing Law.

THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REFERENCE TO ITS CONFLICT OF LAW PROVISIONS (OTHER THAN SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW) AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS.

http://www.sec.gov/Archives/edgar/data/1268741/000116231803000519/m20543trustagreement.htm

**New York State Trust Law Statutes state:**

Unless an asset is transferred into a lifetime trust, the asset does not become trust property.  (NY Estates, Powers and Trust Law § 7-1.18).

A trustee's act that is contrary to the trust agreement is void. (NY Estates, Powers and Trust Law § 7-2.4)

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-

Case ID: 170202422



**Certified Forensic Loan Auditors**

# SECTION 3:   FORECLOSURE

### Recorded Events on the Loan Including Foreclosure Issues and Securitization

| Recorded Chain of Mortgage Possession | | Chain of Note Possession | |
|---|---|---|---|
| Date | Original Mortgage | Date | Note Holder |
| December 3, 2003<br>Instrument #<br>2003-632309<br>BK10888 PG1602<br>Official Records,<br>Montgomery County<br>Pennsylvania | **Richard A. Lewis and<br>Trina M. Lewis**<br>(Borrowers)<br><br>Lehman Brothers Bank, F.S.B.<br>(Lender)<br><br>MIN # 1000254-4000117257-3 | August 18, 2003 | **Lehman Brothers Bank,<br>F.S.B.**<br>(Lender)<br><br>**Principal Amount:**<br>$460,000.00<br><br>**LOAN # TBD** |
| March 3, 2014<br>Instrument #<br>2014-12536<br>BK13753 PG204<br>Official Records,<br>Montgomery County<br>Pennsylvania | **Assignment of Mortgage<br>to Wilmington Trust Company as<br>Trustee for the STRUCTURED<br>ASSET SECURITIES<br>CORPORATION MORTGAGE<br>PASS-THROUGH CERTIFICATES,<br>SERIES 2003-36XS.<br>Signed by Charlie Thomas as<br>Document Control Officer of<br>CitiMortgage, Inc., an unauthorized<br>party that is NOT the Depositor and<br>NOT by the closing date October 30,<br>2003.  Document in invalid.** | October 1, 2003 | **STRUCTURED ASSET<br>SECURITIES CORPORATION<br>MORTGAGE PASS-<br>THROUGH CERTIFICATES,<br>SERIES 2003-36XS,**<br>(Lender)<br><br>**Securitized Principal Amount:**<br>$463,382.17<br><br>**LOAN # 15523848** |
| August 8, 2015<br>Instrument #<br>Not Available<br>Official Records,<br>Montgomery County<br>Pennsylvania | **Notice of Sale**<br><br>Trustee:  Jessica N. Manis | | |

*NOTE: The above analysis covers primary active loan.*
*Annotated voluntary lien search located in Exhibit I.*

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
-All Rights Reserved-

Case ID: 170202422



**Certified Forensic Loan Auditors**

# REPORT SUMMARY

**Mortgage:**

- On August 18, 2003, Debtors Richard A. Lewis and Trina M. Lewis executed a negotiable promissory note and a security interest in the form of a MORTGAGE in the amount of $460,000.00. This document was recorded on December 3, 2003 as instrument number 2003-632309 in BK 10888 PG 1602 of the Official Records of Montgomery County, Pennsylvania. *The original lender of the promissory note and beneficiary of the Mortgage is Lehman Brothers Bank, F.S.B. Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") is not named as the payee of the note, but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Security Deed.*

**Securitization (The Note):**

- The NOTE was sold, transferred, assigned and securitized into the **STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS** with a Closing Date of on or about October 30, 2003.

**Assignment of Mortgage:**

- On March 3, 2014, an Assignment of Mortgage was recorded in BK 13753 PG 204 of the Official Records, Montgomery County as instrument number 2014-12536 to Wilmington Trust Company as Trustee for the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS. The document was signed by Charlie Thomas as Document Control officer of CitiMortgage, Inc., an unauthorized party following the closing date of the identified trust. Approximately ten years and five months had gone by since the note was placed into the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS and examiner therefore recommends production and review of the then notarized bill of sale; note endorsement; and verifiable proof of funds prior to the cut-off date of October 1, 2003, starting with original lender Lehman Brothers Bank, F.S.B. to Sponsor Lehman Brothers Holdings, Inc. to Depositor Structured Asset Securities Corporation into the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS for approval of this Assignment of Mortgage. <u>Examiner considers this a document of impropriety requiring rescission for rightful foreclosure to take place until actual purchase by above parties is verified.</u>

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

- <u>Depositor Structured Asset Securities Corporation is the only rightful party that can place assets into the trust pursuant to investor offering documents as specified above.</u>

**Notice of Sale:**

- On August 8, 2015, a Notice of Sale was recorded in the Official Records, Montgomery County with an unknown instrument number. The Trustee was Jessica N. Manis according to the Voluntary Lien Report.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## ASSIGNMENT OF MORTGAGE signed 2/19/2014 recorded 3/3/2014

Charlie Thomas signed as Document Control Officer of CitiMortgage, Inc., an unauthorized party that did so after trust closing date October 30, 2003. Only Depositor Structured Asset Securities Corporation can assign loans to the trust per SEC governing documents. This is an indication that he attempted to assign the Mortgage to client Wilmington Trust Company without an Assignor. This position of unilateral transfer is further strengthened by the fact that there is no evidence of verified proof of funds; a note endorsement; a bill of sale; a declaration of value; or transfer taxes as having been paid to Montgomery County, Pennsylvania "for and in consideration of the sum of ONE DOLLAR $1.00)" for this $460,000 security interest.

 

MTG BK 13753 PG 00204 to 00208
INSTRUMENT # : 2014012536
RECORDED DATE: 03/03/2014 11:56:53 AM



3049490-0005R

**RECORDER OF DEEDS**
**MONTGOMERY COUNTY**
*Nancy J. Becker*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MONTGOMERY COUNTY ROD**

| OFFICIAL RECORDING COVER PAGE | | Page 1 of 5 |
|---|---|---|
| **Document Type:** Mortgage Assignment | **Transaction #:** | 3021899 - 1 Doc(s) |
| **Document Date:** 02/19/2014 | **Document Page Count:** | 4 |
| **Reference Info:** | **Operator Id:** | dkrasley |

**RETURN TO: (Mail)**
CT LIEN SOLUTIONS
PO BOX 29071
GLENDALE, CA 91209-9071

**PAID BY:**
CT LIEN SOLUTIONS

* **PROPERTY DATA:**
Parcel ID #:    36-00-04423-03-2
Address:    344 FRANKLIN CT

AMBLER PA
19002

Municipality:
School District:

* **ASSOCIATED DOCUMENT(S):**
MTG BK 10888 PG 01602

| **FEES / TAXES:** | | MTG BK 13753 PG 00204 to 00208 |
|---|---|---|
| Recording Fee:Mortgage Assignment | $64.00 | Recorded Date: 03/03/2014 11:56:53 AM |
| **Total:** | $64.00 | |

I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania.



*Nancy J. Becker*
**Nancy J. Becker**
**Recorder of Deeds**

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## ASSIGNMENT OF MORTGAGE signed 2/19/2014 recorded 3/3/2014 continued

## Page 1:

03/03/2014 11:56:53 AM               MTG  BK 13763  PG 00205                    MONTCO

-Return To:
CT LIEN SOLUTIONS
PO BOX 29071
GLENDALE, CA  91209-9071
Phone #: 800-331-3282

RECORDER OF DEEDS
MONTGOMERY COUNTY

2014 MAR -3  AM 10: 29

Prepared By:
CITIMORTGAGE, INC
CHARLIE THOMAS
1000 TECHNOLOGY DRIVE, MS 321
O'FALLON, MO 63368-2240
CPN: 36-00-04423-03-2



## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS that CitiMortgage, Inc. , whose address is 1000 Technology Drive, O'Fallon, MO, 63368 , hereinafter Assignor the holder of the Mortgage hereinafter mentioned, for and in consideration of the sum of ONE DOLLAR ($1.00) lawful money unto it in hand paid by Wilmington Trust Company As Trustee for The Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-35X8 , c/o CitiMortgage, Inc., 1000 Technology Drive, O'Fallon, MO, 63368, Assignee at the time of execution hereof, sell, assign, transfer and set over unto the said Assignee, the receipt whereof is hereby acknowledged, does hereby grant, bargain, ALL THAT CERTAIN Mortgage given and executed by Richard A. Lewis and Trina M. Lewis  to Original Beneficiary: Mortgage Electronic Registration Systems, Inc. as nominee for Lehman Brothers Bank, FSB its successors and assigns , bearing the date 08/18/2003 , in the amount of $460,000.00 , said Mortgage being recorded on 12/03/2003  in  Montgomery County , Commonwealth of Pennsylvania, in Book, Volume, or Liber No: 10888 Page: 1602 Instrument No: 2003532309.

Being Known as Premises: 344 Franklin Court, Ambler, PA, 19002
Parcel No: 36-00-04423-03-2
Municipality: Horsham Township

Description/Additional Information: See Exhibit A

Together with all Rights, Remedies and Incidents thereunto belonging.  And all its Right, Title, Interest, Property, Claim and Demand, in and to the same:

TO HAVE, HOLD, RECEIVE AND TAKE, all and singular the hereditaments and premises hereby granted and assigned, or mentioned and intended so to be, with the appurtenances unto Assignee, to and for its only proper use, benefit and behoof forever; subject, nevertheless, to the equity of redemption of said Mortgagor in the said Indenture of Mortgage named, and his/her/their heirs and assigns therein.

IN WITNESS WHEREOF, the said Assignor has caused these presents to be duly executed by its proper officers

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
36-00-04423-03-2    HORSHAM
344 FRANKLIN CT
LEWIS RICHARD A & TRINA M                              $15.00

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## ASSIGNMENT OF MORTGAGE signed 2/19/2014 recorded 3/3/2014 continued

### Page 2:

03/03/2014 11:56:53 AM                      MTG  BK 13783      PG 00206                      MONTCO

This _2-19-14_

CitiMortgage, Inc.

By: _Charlie Thomas_
Charlie Thomas
Document Control Officer

Delivered in the Presence of us;

Attest: _Sus Brooks_
Tonja Brooks

STATE OF MISSOURI, ST. CHARLES COUNTY

On _2-19-14_ _____ before me, the undersigned, a notary public in and for said
state, personally appeared Charlie Thomas, Document Control Officer of CitiMortgage, Inc.
personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose
name is subscribed to the within instrument and acknowledged to me that he/she executed the same in
his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf
of which the individual acted, executed the instrument.

        Laura M. Jones
     Notary Public - Notary Seal
        State of Missouri
  Commissioned for St. Charles County          _____
 My Commission Expires:  March 19, 2016        Notary Public Laura M Jones
    Commission Number:  12316668

                                                 Commission Expires: 03/19/2016

The precise address within named Assignee is:
c/o CitiMortgage, Inc., 1000 Technology Drive, O'Fallon, MO, 63368

BY: _Charlie Thomas_

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*

Page | 20
Case ID: 170202422



**Certified Forensic Loan Auditors**

__American Banker__ states that foreclosure ownership support documents (the primary example in Pennsylvania being Assignments of Mortgages) should be prepared at time of transfer instead of by bank employees claiming to represent lenders that no longer exist:



Foreclosure Documents

by Kate Berry
AUG 31, 2011 5.47pm ET

🖨 Print   ✉ Email   🖨 Reprints

(15) Comments

🐦 Tweet {66}   in Share 21   👍 Like 76   🎗 +1

Some of the largest mortgage servicers are still fabricating documents that should have been signed years ago and submitting them as evidence to foreclose on homeowners.

The practice continues nearly a year after the companies were caught cutting corners in the robo-signing scandal and about six months after the industry began negotiating a settlement with state attorneys general investigating loan-servicing abuses.

Several dozen documents reviewed by *American Banker* show that as recently as August some of the largest U.S. banks, including Bank of America Corp., Wells Fargo & Co., Ally Financial Inc., and OneWest Financial Inc., were essentially backdating paperwork necessary to support their right to foreclose.

Some of documents reviewed by *American Banker* included signatures by current bank employees claiming to represent lenders that no longer exist.

**RELATED LINKS**

U.S. Bank Stands Out as a Mortgage Bond Trustee with Teeth

Robo-Signing Settlement Needs to Go All the Way

Are the State AG Mortgage Settlement Talks Falling Apart?

N.Y. AG Moves to Intervene in B of A-Bondholder Settlement

**RELATED GRAPHIC**

🔍 Enlarge This Image



http://www.americanbanker.com/issues/176_170/robo-signing-foreclosure-mortgage-assignments-1041741-1.html

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*

Case ID: 170202422



**Certified Forensic Loan Auditors**

## LOAN SEARCH

The loan was found in the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS as investor loan number 15523848, which agrees with the characteristics of the loan. The original loan to value ratio was 80%. The loan is shown with a current rate of 5.125% and a principal and interest payment of $2,504.65 per month.



<u>The loan has a fixed interest rate. The property is a planned unit (PU); it is an owner occupied type of property located in the State of Pennsylvania in the 19002 zip code. The loan was originated on 8/19/2003; it was a refinancing for equity takeout (EQ).</u>





*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



Certified Forensic Loan Auditors

## DESCRIPTION OF SECURITY FROM BLOOMBERG

**Noted as a trust initially rated AAA and Aaa. However, the trust is currently not rated (NR) and without rating (WR).**

Case ID: 170202422

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

## DEAL DESCRIPTION



## ORIGINAL COLLATERAL CHARACTERISTICS

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## STRUCTURED FINANCE NOTES SCREEN

### Lists the primary transaction parties.

‹ › SASC 2003-36XS A1 Mtge ▾ SENS ▾ Related Functions Menu ▾        Message ★ ⌂ ⚙ ?

SASC 2003-36XS A1 Paid 0/0            CUSIP 86359BAQ4  Disc Mrgn --/--
As of --     Prepay --      WAL --   Collateral 100.0% RESB/5.9%          --
95) Documents ▾                                              Structured Finance Notes

SASC 2003-36XS STRUCTURED ASSET SECURITIES CORPORATION

Underwriter
Lead Manager            Lehman Brothers

| Original Servicers | | Trustee |
|---|---|---|
| Master | Aurora Loan Services Inc | Citibank NA |
| Primary | Greenpoint Mortgage Funding | Paying Agent |
| Primary | Aurora Loan Services Inc | |

| Originator/Seller | Deal% | Asset Manager |
|---|---|---|
| SIB Mortgage Corporation | 12.28 | |
| Aurora Loan Services, Inc. | 36.14 | Swap Counterparty |
| First National Bank of Nevada | 44.38 | |

| Insurer | Deal% |
|---|---|
| | |

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## STRUCTURAL SUMMARY SECTION PERTAINING TO TRUST INCLUDING CREDIT ENHANCEMENTS

**May further offset risks of owners or provide reimbursements to certain certificate holders.  Credit trigger test has failed in this investment class within trust.**



*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
-All Rights Reserved-

Case ID: 170202422



**Certified Forensic Loan Auditors**

## TRUST OVERVIEW



CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-

Case ID: 170202422



**Certified Forensic Loan Auditors**

## LOAN LEVEL DETAIL:  CUMULATIVE FORGIVENESS AND CUMULATIVE CAPITALIZATION

**Cumulative forgiveness for trust was $161,912.72, offset by cumulative capitalization (adding back interest and fees to principal thus accruing interest on interest) of $569,570.87.**
**No forgiveness was extended to the subject loan.  The property is in the 19002 zip code.**



*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



Certified Forensic Loan Auditors

## LOAN LEVEL DETAIL: MODIFICATION

**No loan modification was granted to subject loan unlike some in the trust.**

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
-All Rights Reserved-

Case ID: 170202422



**Certified Forensic Loan Auditors**

## VIEW ALL LOAN CLASSES SCREEN

The loan was found in **twelve (12)** classes as the loan is located in the All Collateral Group. **Four (4)** classes are UNPAID and the remaining **eight (8)** classes are completely PAID. CUSIP numbers of each investment class are shown below.



CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

## LOAN COLLATERAL PERFORMANCE

**Only TWO loan modifications were granted within the last six months in spite of a 27-36% 90 day+ default rate.**



CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

## PAYDOWN INFORMATION

**Approximately 2.53%, or $6.84 million, of the All Collateral group that partially funded loan has gone bad. This is an indication that this particular investment group should not have been formed.**



CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-

Case ID: 170202422



**Certified Forensic Loan Auditors**

## BLOOMBERG LAW SEARCH FOR CURRENT DOCKETS INVOLVING THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS



## CURRENT DOCKETS INVOLVING THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS



CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-

Case ID: 170202422



**Certified Forensic Loan Auditors**

## PROSPECTUS PULLED FROM BLOOMBERG, LP

<PAGE>
10692SPROSPECTUS SUPPLEMENT(To Prospectus dated August 26, 2003)

Filed Pursuant to Rule 424(b)(5)

$270,800,000 (APPROXIMATE)

Registration File No.: 333-
STRUCTURED ASSET
SECURITIES CORPORATION          MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS          [AURORA LOAN SERVICES INC LOGO]
AURORA LOAN SERVICES INC.                    MASTER SERVICER<TABLE><CAPTION><S>
-------------------------------------------------                          The trust will issue certificates including the followingCONSIDER
CAREFULLY THE RISK          classes offered hereby:FACTORS BEGINNING ON PAGE S-8 OFTHIS PROSPECTUS SUPPLEMENT.          o     SIX CLASSES OF
SENIOR CERTIFICATES  For a list of capitalized terms          o     THREE CLASSES OF SUBORDINATE CERTIFICATESUsed 'in this prospectus supplementand the
prospectus, see the index of          The classes of certificates offered by this prospectusprincipal terms beginning on page          supplement are
listed, together with their initial class5-75 in this prospectus supplement          principal amounts and interest rates, under "Summary ofand the index of
defined terms on          Terms--The Offered Certificates" beginning on page S-2 ofpage 118 in the prospectus.          this prospectus supplement.
this prospectus supplement and                          the accompanying prospectus relate only to the offering of  the certificates will
represent          the certificates listed in the table on page S-2 and not tointerests in the trust fund only and          the other classes of certificates
that will be issued by the will not represent interests in or          trust fund as described in this prospectus supplement.obligations of any other entity.
                          The assets of the trust fund will primarily consist ofthis prospectus supplement may          a pool of
conventional, first lien, fixed rate, fullybe used to offer and sell the          amortizing and balloon, residential mortgage loans.certificates only
if accompanied bythe prospectus.          The Class AS Certificates will have the benefit of a
certificate guaranty insurance policy issued by MBIA--------------------------------          Insurance Corporation. Subject to the exceptions and
limitations that are described in this prospectus supplement, the certificate guaranty insurance policywill guarantee certain payments of interest and
principal to holders of the class AS Certificates asdescribed in this prospectus supplement.</TABLE>          NEITHER THE SECURITIES AND EXCHANGE COMMISSION NOR
ANY STATE SECURITIESCOMMISSION HAS APPROVED OR DISAPPROVED THE CERTIFICATES OR DETERMINED THAT THISPROSPECTUS SUPPLEMENT OR THE ACCOMPANYING PROSPECTUS IS
ACCURATE OR COMPLETE.ANY REPRESENTATION TO THE CONTRARY IS A CRIMINAL OFFENSE.          The certificates offered by this prospectus supplement will be purchasedby
Lehman Brothers Inc., as the underwriter, from Structured Asset SecuritiesCorporation, and are being offered from time to time for sale to the public in
negotiated transactions or otherwise at varying prices to be determined at thetime of sale. The underwriter has the right to reject any order. Proceeds to
Structured Asset Securities Corporation from the sale of these certificateswill be approximately 100.25% of their initial total class principal amountbefore
deducting expenses.          On or about October 30, 2003, delivery of the certificates offered by thisprospectus supplement will be made through the book-entry
facilities of theDepository Trust Company, Clearstream Banking, societe anonyme, and theEuroclear System.                    underwriter:
          LEHMAN BROTHERS          The date of this prospectus supplement is October 29, 2003.<PAGE>          IMPORTANT NOTICE ABOUT
INFORMATION PRESENTED IN THIS          PROSPECTUS SUPPLEMENT AND THE ACCOMPANYING PROSPECTUS:  We provide information to you about the certificates
offered by thisprospectus supplement in two separate documents that progressively provide moredetail: (1) the accompanying prospectus, which provides general
information,some of which may not apply to your certificates and (2) this prospectussupplement, which describes the specific terms of your certificates.
IF INFORMATION VARIES BETWEEN THIS PROSPECTUS SUPPLEMENT AND THEACCOMPANYING PROSPECTUS, YOU SHOULD RELY ON THE INFORMATION IN THIS PROSPECTUSSUPPLEMENT.
You should rely only on the information contained or incorporated byreference in this prospectus supplement and the accompanying prospectus. Wehave not
authorized anyone to provide you with different information.          We are not offering the certificates in any state where the offer is notpermitted. We do not
claim that the information in this prospectus supplementand prospectus is accurate as of any date other than the dates stated on theirrespective covers.
          --------------          After the initial distribution of the certificates offered by thisprospectus supplement, this prospectus and
prospectus supplement may be used byLehman Brothers Inc., an affiliate of the depositor, the seller and the masterservicer, in connection with market making
transactions in those certificates.Lehman Brothers Inc. may act as principal or agent in those transactions. Thesetransactions will be at market prices at
the time of sale and not at the pricesof the initial offering. Certain information in this prospectus supplement willbe updated from time to time for as long
as Aurora Loan Services Inc. continuesto be the master servicer or a primary servicer of mortgage loans included inthe mortgage pool.
          --------------          Dealers will deliver a prospectus supplement and prospectus when acting asunderwriters of the certificates and with respect to
their unsold allotments orsubscriptions. In addition, all dealers selling the certificates will berequired to deliver a prospectus supplement and prospectus
for ninety daysfollowing the date of this prospectus supplement.          We include cross-references in this
prospectus supplement and theaccompanying prospectus to captions in these materials where you can findfurther related discussions. The following tables of
contents provide the pageson which these captions are located.          S-ii<PAGE>          TABLES OF
CONTENTS          PROSPECTUS SUPPLEMENT<TABLE><CAPTION>          PAGE
          ------<S>          <C>Summary of Terms
.................................  S-1Risk Factors ........................          S-8Description of the Certificates .........
S-17  General ................................          S-17  Book-Entry Registration ..............          S-28  Distributions of
Principal ..............          S-28  Credit Enhancement ..................          S-33  Final Scheduled Distribution Date
.................................  S-36  Optional Purchase of Mortgage Loans ........  S-36  The Trustee ..........................          S-37
Description of the Mortgage Pool ........  S-38  General .............................          S-38  Statistical
Characteristics of the Mortgage  Loans .........................  S-46Additional Information .......................
S-46Underwriting Guidelines .................          S-47  STA Mortgage Underwriting Guidelines ........          S-48  General Underwriting Guidelines
General ................................          S-49The Master Servicer ...................          S-51The Servicers ........................          S-52
..................................  S-52Servicing of the Mortgage Loans .........          S-52  General ................................          S-53
.................................  S-52  Servicing Compensation and Payment of  Expenses ...............................  S-53  Collection of Taxes,
Prepayment Interest Shortfalls ........          S-53  Advances ............................          S-54  Insurance Coverage ...................
Assessments and Similar  Items .........................  S-54  Insurance Coverage ...................  S-54
</TABLE><TABLE><CAPTION>          PAGE
          <C>  Evidence as to Compliance ...........          S-54  Master Servicer Default; Servicer
Default ...........  S-54The Trust Agreement .............          S-55  General ..............................          S-55
Assignment of Mortgage Loans ...........          S-55  Voting Rights ........................          S-56Yield, Prepayment and Weighted

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-

Case ID: 17020222



**Certified Forensic Loan Auditors**

## CORPORATE TRUSTEE CONTACT INFORMATION AND EXTRACT OF RECENT INVESTOR STATEMENT

| Distribution Date: | 02/25/2016 |
|---|---|
| Record Date: | 01/29/2016 |

**Structured Asset Securities Corporation**
**Mortgage Pass-Through Certificates, Series 2003-36XS**



| CONTACT INFORMATION | | CONTENTS | |
|---|---|---|---|
| Depositor | Structured Asset Securities Corporation | Distribution Summary | 2 |
| | | Distribution Summary (Factors) | 3 |
| Underwriter | Lehman Brothers | Interest Distribution | 4 |
| | | Principal Distribution | 5 |
| | | Collateral Summary | 6 |
| | | Delinquency Information | 7 |
| | | Credit Enhancement | 8 |
| | | Other Information | 9 |
| | | Loan Level Detail | 11 |

| Deal Contact: | Karen Schluter | Citibank, N.A. |
|---|---|---|
| | karen.schluter@citi.com | Agency and Trust |
| | Tel: (212) 816-6827 | 388 Greenwich Street, 14th Floor |
| | Fax: (212) 816-5527 | New York, NY 10013 |

Reports Available at www.sf.abidirect.com                Page 1 of 11                (c) Copyright 2016 Citigroup

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-

Case ID: 170202-22



**Certified Forensic Loan Auditors**

## CONCLUSION

## CHAIN OF TITLE

RICHARD A. LEWIS and TRINA M. LEWIS

BORROWERS
TRUSTOR
MORTGAGOR/MORTGAGER
GRANTOR

→ DEED OF TRUST →

ACCESS NATIONAL SETTLEMENT SERVICES

TITLE COMPANY/ ESCROW

MONTGOMERY COUNTY PENNSYLVANIA

MAINTAINS ASSIGNMENT HISTORY

DEED ISSUED TO MERS
SPLIT FROM NOTE

PROMISSORY NOTE

MONTHLY PAYMENTS

NOTE WAS SPLIT FROM THE DEED

NOTE WAS SOLD & TRANSFERRED

LEHMAN BROTHERS BANK, F.S.B.

LENDER/ ORIGINATOR

AURORA LOAN SERVICES, INC.

MASTER SERVICER

Services Individual loans; Aggregates Collection; Performs Duties under Trust's Pooling & Servicing Agreement

MERS

REGISTRY

Maintains Assignment History
No physical possession
No pecuniary interest
"The mortgage or Assignment of the mortgage of some of the mortgage loan have been or may be recorded in the name of MERS, solely as Nominee for the originator and its successors and assigns"
"MERS serves as mortgagee of record on the mortgage solely as a nominee in an administrative capacity on behalf of the Trustee and does not have interest in the mortgage loan

LEHMAN BROTHERS HOLDINGS, INC.

SELLER
Purchases loans from originator; forms pool

STRUCTURED ASSET SECURITIES CORPORATION

DEPOSITOR
Creates Issuing Entity

CERTIFICATES

CERTIFICATES

LEHMAN BROTHERS, INC.

UNDERWRITERS

Sells Certificates to Investors; Collects Offering Proceeds

CERTIFICATES

OFFERING PROCEEDS

STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 003-36X8

TRUST FUND -- ISSUING ENTITY
Holds pool of loans; Issues certificates

CITIBANK, N.A.

TRUSTEE FOR THE TRUST
Represents Investors' Interests; Calculates Cash Flows; Remits Net Revenues

UNDERLYING CUSTODIAN
Document Custody

INVESTORS

Purchase Mortgage Backed Securities as defined in Certificates

RETURN ON INVESTMENTS

**ARROW LEGEND**

PURPLE -- MORTGAGE DOCUMENTS
BLUE    -- SECURITIES CERTIFICATES
RED      -- INVESTOR FUNDS
GREEN  -- BORROWER FUNDS

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

# MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) ANALYSIS

- The Mortgage has MIN number 1000254-4000117257-3 and is registered at the MERS SERVICER ID website https://www.mers-servicerid.org/sis/search showing CitiMortgage, Inc. as Servicer and Lehman Brothers Holdings, Inc. as the stated Investor.

- Although MERS records an assignment in the real property records, the promissory note which creates the legal obligation to repay the debt has not been transferred nor negotiated by MERS.

- MERS is never entitled to receive a borrower's monthly payments, nor is MERS ever entitled to receive the proceeds of a foreclosure or MORTGAGE sale.

- MERS is never the owner of the promissory note for which it seeks foreclosure.

- MERS has no legal or beneficial interest in the loan instrument underlying the security instrument for which it serves as "nominee".

- MERS has no legal or beneficial interest in the mortgage indebtedness underlying the security instrument for which it serves as "nominee".

- MERS has no interest at all in the promissory note evidencing the mortgage indebtedness.

- MERS is not a party to the alleged mortgage indebtedness underlying the security instrument for which it serves as "nominee".

- MERS has no financial or other interest in whether or not a mortgage loan is repaid.

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-

Case ID: 170202422



**Certified Forensic Loan Auditors**

The loan is _registered_ within the MERS database showing CitiMortgage, Inc. as Servicer and Lehman Brothers Holdings, Inc. as the stated Investor.



## The Mortgage Industry's Utility

### 1 record matched your search:

*Need help?*

MIN: 1000254-4000117257-3        Note Date: 08/18/2003        MIN Status: Inactive

Servicer: CitiMortgage, Inc.                                     Phone: (800) 283-7918
          O'Fallon, MO

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

### Return to Search

*Select borrower type and enter borrower information to see Investor for MIN 1000254-4000117257-3.*

✤ **Investor for Individual Borrower**

*Your entries may be either upper or lower case.*
*Fields marked ✱ are required.*

Last Name: LEWIS                    ✱

SSN: [    ] - [    ] - [      ]      ✱

☐ *By checking this box, the borrower or borrower's authorized representative is attesting to the fact that he or she is in fact the borrower or borrower's authorized representative for the loan in question. Additionally, borrowers wishing to learn the identity of their loan's Investor must confirm their identity by entering their last name or corporation name as well as their SSN or TIN. If this information does not match the information contained in the MERS® System for the borrower of the loan, the Investor information will not be displayed. Borrowers should verify the results with their loan servicer.* ✱

[Submit]

◯ **Investor for Corporation/Non-Person Entity Borrower**

Servicer: CitiMortgage, Inc.                        Phone: (800) 283-7918
          O'Fallon, MO

Investor: **Lehman Brothers Holdings Inc.**

Page | 38

Case ID: 170202-22

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

ξ For traditional lending prior to Securitization, the original Deed recording was usually the only recorded document in the Chain of Title. That is because banks kept the loans, and did not sell the loan, hence, only the original recording being present in the banks name.

The advent of Securitization, especially through "Private Investors" and not Fannie Mae or Freddie Mac, involved an entirely new process in mortgage lending. With Securitization, the Notes and Deeds were sold once, twice, three times or more. Using the traditional model would involve recording new Assignments of the Deed and Note as each transfer of the Note or Deed of Trust occurred. Obviously, this required time and money for each recording.

(The selling or transferring of the Note is not to be confused with the selling of Servicing Rights, which is simply the right to collect payment on the Note, and keep a small portion of the payment for Servicing Fees. Usually, when a homeowner states that their loan was sold, they are referring to Servicing Rights.)

**ξ Securitizing a Loan**

Securitizing a loan is the process of selling a loan to Wall Street and private investors. It is a method with many issues to be considered. The methodology of securitizing a loan generally followed these steps:

- A Wall Street firm would approach other entities about issuing a "Series of Bonds" for sale to investors and would come to an agreement. In other words, the Wall Street firm "pre-sold" the bonds.

- The Wall Street firm would approach a lender and usually offer them a warehouse Line of Credit. The Warehouse Credit Line would be used to fund the loan. The Warehouse Line would be covered by restrictions resulting from the initial Pooling & Servicing Agreement Guidelines and Mortgage Loan Purchase Agreement. These documents outlined the procedures for the creation of the loans and the administering of the loans prior to, and after, the sale of the loans to Wall Street.

- The Lender, with the guidelines, essentially went out and found "buyers" for the loans, people who fit the general characteristics of the Purchase Agreement. (Guidelines were very general and most people could qualify." The Lender would execute the loan and fund it, collecting payments until there were enough loans funded to sell to the Wall Street firm who could then issue the bonds.

- Once the necessary loans were funded, the lender would then sell the loans to the "Sponsor", usually either a subsidiary of the Wall Street firm, of a specially created Corporation of the lender. At this point, the loans are separated into "tranches" of loans, where they will be eventually turned into bonds.

- Next, the loans were "sold" to the "Depositor." This was a "Special Purpose Vehicle" designed with one purpose in mind. That was to create a "bankruptcy remote vehicle" where the lender or other entities are protected from what might happen to the loans, and/or the loans are "protected" from the lender. The "Depositor" would be, once again, created by the Wall Street firm or the lender.

- Then the "Depositor" would place the loans into the Issuing Entity, which is another entity

Page | 39

Case ID: 170202422



**Certified Forensic Loan Auditors**

created solely for the purpose of selling the bonds.

- Finally, the bonds would be sold, with a Trustee appointed to ensure that the bondholders received their monthly payments.

ξ LEHMAN BROTHERS BANK, F.S.B. was a "correspondent lender" that originated mortgage loans. These loans, in turn, were sold and transferred into a "federally-approved securitization" trust named the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS.

ξ The Note and Deed have taken two distinctly different paths. The Note was securitized into the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS.

ξ The written agreement that created the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS is a "Pooling and Servicing Agreement" (PSA), and is a matter of public record, available on the website of the Securities Exchange Commission. The Trust is also described in a "Prospectus Supplement," also available on the SEC website. The Trust by its terms set a "CLOSING DATE" of ON OR ABOUT OCTOBER 30, 2003. The promissory note in this case became trust property in compliance with the requirement set forth in the PSA. The Trust agreement is filed under oath with the Securities and Exchange Commission. The acquisition of the assets of the subject Trust and the PSA are governed under the law.

ξ In view of the foregoing, the Assignment of Mortgage executed after the Trust's Closing Date would be a void act for the reason that it violated the express terms of the Trust instrument.

ξ The loan was originally made by LEHMAN BROTHERS BANK, F.S.B. and was sold and transferred to the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS. There is no record of Assignments to either the Sponsor or Depositor as required by the Pooling and Servicing Agreement.

In Carpenter v. Longan 16 Wall. 271,83 U.S. 271, 274, 21 L.Ed. 313 (1872), the U.S. Supreme Court stated "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while assignment of the latter alone is a nullity."

An obligation can exist with or without security. With no security, the obligation is unsecured but still valid. A security interest, however, cannot exist without an underlying existing obligation. It is impossible to define security apart from its relationship to the promise or obligation it secures. The obligation and the security are commonly drafted as separate documents – typically a promissory note and a Mortgage. If the creditor transfers the note but not the Mortgage, the transferee receives a secured note; the security follows the note, legally if not physically. If the transferee is given the Mortgage without the note accompanying it, the transferee has no meaningful rights except the possibility of legal action to compel the transferor to transfer the note as well, if such was the agreement. (Kelley v. Upshaw 91952) 39 C.2d 179, 246 P.2d 23; Polhemus v. Trainer (1866) 30C 685).

"Where the mortgagee has "transferred" only the mortgage, the transaction is a nullity and his

Page | 40

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*

Case ID: 170202422



**Certified Forensic Loan Auditors**

"assignee" having received no interest in the underlying debt or obligation, has a worthless piece of paper (4 Richard R. Powell), Powell on Real Property, § 37.27 [2] (2000).

By statute, assignment of the mortgage carries with it the assignment of the debt. Indeed, in the event that a mortgage loan somehow separates interests of the note and the Mortgage, with the Mortgage lying with some independent entity, the mortgage may become unenforceable. The practical effect of splitting the Mortgage from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the Mortgage is the agent of the holder of the note. Without the agency relationship, the person holding only the trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation. The mortgage loan becomes ineffectual when the note holder did not also hold the Mortgage."

### Securitization Summary

1.  Generally, if the Mortgage and the Note are not together with the same entity, there can be no legal enforcement of the Note. The Mortgage enforces the Note and provides the capability for the lender to foreclose on the property. Thus, if the Mortgage and the Note are separated, foreclosure legally cannot occur. The Note cannot be enforced by the Mortgage if each contains a different mortgagee/beneficiary; and, if the Mortgage is not itself a legally enforceable instrument, there can be no valid foreclosure on the homeowners' property.

2.  No Entity can be a CREDITOR if they do not hold/own the asset in question (i.e. the NOTE and/or the property); a Mortgage Pass Through Trust (i.e. R.E.M.I.C., as defined in Title 26, Subtitle A, Chapter 1, Subchapter M, Part II §§ 850-862) cannot hold assets, for if they do, their tax exempt status is violated and the Trust itself is void ab initio. This is an indication that either the Trust has either voided its intended Tax Free Status, or the asset is not in fact owned by it.

3.  In the event that the loan was sold, pooled and turned into a security, such event would indicate that the alleged holder can no longer claim that it is a real party of interest, as the original lender has been paid in full.

4.  Further said, once the Note was converted into a stock, or stock equivalent, that event would indicate that the Note is no longer a Note. If both the Note and the stock, or stock equivalent, exist at the same time, that is known as double dipping. Double dipping is a form of securities fraud.

5.  Once a loan has been securitized, which the aforementioned loan may have been done many times, that event would indicate that the loan forever loses its security component (i.e., the Mortgage), and the right to foreclose through the Mortgage is forever lost.

6.  The findings of this report indicate that the Promissory Note has been converted into a stock as a permanent fixture. As a stock it is governed as a stock under the rules and regulations of the SEC; hence, the requirement for the filings of the registration statements, pooling and servicing agreements, form 424B-5, et.al. There is no evidence on Record to indicate that the Mortgage was ever transferred concurrently with the purported legal transfer of the Note, such that the Mortgage and Note has been irrevocably separated, thus making a nullity out of the purported security in a property, as claimed.

Page | 41

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

7. Careful review and examination reveals that this was a securitized loan. The Assignment of Mortgage pretended to be an A to D transaction when in fact the foreclosing party was hiding the A to B, B to C, and C to D facts of true sales, where A is the original lender, B the sponsor/seller, C the bankruptcy-remote depositor, and D, the issuing mortgage-backed securities trust. They also hid the legal SEC filings, governing the transaction according to our findings. But to be controlled by those SEC filings, the true original loan Note and Mortgage had to be provided by the Document Custodian certified to have been in possession of them by them on or about October 30, 2003. Because it was not, the claim of ownership by the Trust cannot be substantiated and the loan servicing rights not established at law by agreement. Examiner supplies this report as written testimony and is available for oral testimony.

**DISCLAIMER**

This report was based exclusively on the documentation provided. It also required that we make reasonable assumptions respecting disclosures and certain loan terms that, if erroneous, may result in material differences between our findings and the loan's actual compliance with applicable regulatory requirements. While we believe that our assumptions provide a reasonable basis for the review results, we make no representations or warranties respecting the appropriateness of our assumptions, the completeness of the information considered, or the accuracy of the findings. The contents of this report are being provided with the understanding that we are not providing legal advice, nor do we have any relationship, contractual or otherwise, with anyone other than the recipient. We do not, in providing this report, accept or assume responsibility for any other purpose.

**AFFIDAVIT OF FACTS**

STATE OF CALIFORNIA          )
                             ) sv.: AFFIDAVIT
COUNTY OF LOS ANGELES   )

RE:   Richard A. Lewis and Trina M. Lewis

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-
Case ID: 170202422



**Certified Forensic Loan Auditors**

I, MICHAEL CARRIGAN, a citizen of the United States and the State of California over the age of 21 years, and declare as follows, under penalty of perjury that the facts stated herein are true, correct and complete. The undersigned believes them to be true and admissible as evidence in a court of law, and if called upon as a witness, will testify as stated herein:

1. That I am a subscriber of the Bloomberg Professional Service, certified and licensed to use such service. I have completed the required training and engaged in continuing education with Bloomberg – both online and at Bloomberg live training events, to stay abreast with Bloomberg's latest progress and developments. I have the requisite knowledge and the trained ability to navigate and perform effective searches on the Bloomberg terminal.

2. I am a Certified Mortgage Securitization Auditor and my qualifications, expertise and experience provide me with the background necessary to certify the audit services and to be qualified as an expert in this field. I have produced approximately three thousand five hundred Securitized Analysis Reports in residential and commercial real estate mortgage investigation in 49 states, the District of Columbia and Puerto Rico, have testified as an expert witness, and have trained auditors in California, Florida, Georgia, Nevada, New York, New Jersey and Virginia and via the Internet in webinar format. I have a Bachelor's degree with a concentration in Accounting in Business Administration from California State University, Fullerton; a Master's in Business Administration from the UCLA Anderson School of Management; and have had formal training and career experience in accounting; financial reporting; internal control; SEC reporting; financial planning and analysis; financial forecasting; initial public and secondary offerings; corporate tax; corporate finance; investment management; equity, fixed income and derivative securities; credit analysis; asset valuation; ethics; investment advisory services including Series 7 and 66 licensing; real estate investment; real estate finance; real estate principles; redevelopment; government accounting; and procurement.

3. I have the trained skills and qualifications to navigate and perform searches on the Bloomberg terminal in regards to the automated tracking and determination of mortgage and loan related documents and information.

4. The contents of this report are factual, but it is provided for information purposes only and is not to be construed as "legal advice."[1]

[1] The client has been strongly advised to seek legal consultation from a competent legal professional in connection with the contents of this report and how to properly use it.

5. On March 25, 2016, I researched the Bloomberg online Database at the request of RICHARD A. LEWIS and TRINA M. LEWIS whose property address is 344 Franklin Court, Ambler, PA 19002.

6. Based on the information I was provided, RICHARD A. LEWIS and TRINA M. LEWIS signed a Promissory Note in favor of Lehman Brothers Bank, F.S.B. on August 18, 2003.

7. The loan was identified in the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS with the Master Servicer being AURORA LOAN SERVICES, INC.; the Sponsor / Seller being LEHMAN BROTHERS HOLDINGS, INC.; and

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

the Depositor being STRUCTURED ASSET SECURITIES CORPORATION.

8.  The basis of the identification of Loan in the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS was made from the following factors/information that exactly correspond with RICHARD A. LEWIS and TRINA M. LEWIS's loan documents provided: Loan Number: 15523848; Original Amount: $460,000.00; Origination Date: August 18, 2003; Location of Property: Pennsylvania; Property Type: Planned Unit; Occupancy: Owner Occupied; Zip Code: 19002; Type Loan: 30 Fixed Rate Mortgage with Prepayment Rider.

9.  RICHARD A. LEWIS and TRINA M. LEWIS's Note was split-apart or fractionalized, as separate accounting entries and deposited separately into Classes. Each Class is insured up to 30 times the face value of each Note therein, which is permissible under the Federal Reserve System.

10. Pursuant to my extensive research, I have found the Loan in twelve (12) Classes of the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS. These classes represent the sections that the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS is divided into. Individuals invest in these Classes based on their desired maturities, yield, credit rating and other factors. The STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS pays interest, usually monthly, to investors and principal payments are paid out in the order of the maturity and as specified in trust agreements.

11. Below are the classes the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS has been divided into and their CUSIP number which is a nine (9) character alphanumeric code identifying any North American security for the purpose of facilitating clearing and settlement of trades.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**



12. There are a total of twelve (12) classes in the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS.

13. The loan is in twelve (12) classes. Eight (8) classes out of the twelve (12) have been paid (Pd.). The loan is in the All Collateral Group.

By:

_____

Michael Carrigan
Certified Mortgage Securitization Auditor / Bloomberg Specialist

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**          **CIVIL CODE § 1189**

A Notary public or other completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

STATE OF CALIFORNIA          )
                             ) sv: ACKNOWLEDGEMENT
COUNTY OF LOS ANGELES  )

On _____, 2016 before me, _____

                                    (Notary Public)

personally appeared **MICHAEL CARRIGAN**, who proved to me on the basis of satisfactory
evidence to be the man whose name is subscribed to the within instrument and acknowledged to me
that he executed the same in his authorized capacity, and that by his signature on the instrument the
person, or the entity upon behalf of which the person acted, executed the instrument under the
penalty of perjury.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature _____ (Seal)


My commission Expires _____




**EXHIBIT I**

**Voluntary Lien Search**

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
All Rights Reserved



**Certified Forensic Loan Auditors**

## Voluntary Lien Report

**Transaction Details for**
**344 FRANKLIN CT, AMBLER PA 19002**
**APN: 36-00-04423-032**

**History Record #: 1**
*Foreclosure:*

| | |
|---|---|
| Recording Date: 08/08/2015 | Filing Date: |
| Document Number: | Orig Recording Date: |
| Document Type: NOTICE OF SALE | Orig Doc Number: 10888-091602 |
| Trustee: JESSICA M MANIS | Trustee Phone: |
| Title Company: | Unpaid Balance: $618,144 |
| Defendant: LEWIS RICHARD A & TRINA M | |

**History Record #: 2**
*Assignment:*

| | |
|---|---|
| Recording Date: 03/03/2014 | Orig Recording Date: 12/03/2003 |
| Document Number: 2014.12536 | Orig Doc Number: 632309 |
| Document Type: ASSIGNMENT | |
| New Lender: WILMINGTON TR #2003-36XS (CE) | |
| Previous Lender: CITIMORTGAGE | |
| Borrower: LEWIS RICHARD A | |

**History Record #: 3**
*Release:*

| | |
|---|---|
| Recording Date: 01/16/2013 | Orig Recording Date: 10/14/2005 |
| Document Number: 2013.6112 | Orig Doc Number: 149516 |
| Document Type: RELEASE | |

**History Record #: 4**
*Finance:*

| | |
|---|---|
| Recording Date: 04/21/2006 | Finance Type: REFINANCE |
| Document Number: 11774.1075 | Mortgage Loan Type: CONVENTIONAL |
| Document Type: TRUST DEED/MORTGAGE | Mortgage Term: |
| Lender: MANUFACTURERS TRADERS & TRUST | Mortgage Rate Type: FIX |
| Loan Amount: $225,000.00 | Mortgage Rate: |
| Borrower: LEWIS RICHARD A | |
| Borrower: LEWIS TRINA M | |

**History Record #: 5**
*Finance:*

| | |
|---|---|
| Recording Date: 10/14/2005 | Finance Type: REFINANCE |
| Document Number: 11617.1 | Mortgage Loan Type: CONVENTIONAL |
| Document Type: TRUST DEED/MORTGAGE | Mortgage Term: |
| Lender: WACHOVIA MORTGAGE CO | Mortgage Rate Type: VAR |
| Loan Amount: $100,000.00 | Mortgage Rate: |
| Borrower: LEWIS RICHARD A | |
| Borrower: LEWIS TRINA M | |

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
-All Rights Reserved-



**Certified Forensic Loan Auditors**

**History Record #: 6**
*Finance:*
| | |
|---|---|
| Recording Date: 04/06/2004 | Finance Type: REFINANCE |
| Document Number: 11058.1544 | Mortgage Loan Type: |
| Document Type: TRUST DEED/MORTGAGE | Mortgage Term: |
| Lender: PRIVATE LENDER | Mortgage Rate Type: FIX |
| Loan Amount: | Mortgage Rate: |
| Borrower: LEWIS RICHARD A | |

**History Record #: 7**
*Finance:*
| | |
|---|---|
| Recording Date: 12/03/2003 | Finance Type: REFINANCE |
| Document Number: 10888.1602 | Mortgage Loan Type: CONVENTIONAL |
| Document Type: TRUST DEED/MORTGAGE | Mortgage Term: |
| Lender: MERS | Mortgage Rate Type: FIX |
| Loan Amount: $460,000.00 | Mortgage Rate: |
| Borrower: LEWIS RICHARD A | |

**History Record #: 8**
*Finance:*
| | |
|---|---|
| Recording Date: 06/07/2002 | Finance Type: REFINANCE |
| Document Number: 9598.105 | Mortgage Loan Type: CONVENTIONAL |
| Document Type: TRUST DEED/MORTGAGE | Mortgage Term: |
| Lender: FINANCE AMERICA | Mortgage Rate Type: FIX |
| Loan Amount: $410,000.00 | Mortgage Rate: |
| Borrower: LEWIS RICHARD A | |
| Borrower: LEWIS TRINA M | |

**History Record #: 9**
*Sale/Transfer:*
| | |
|---|---|
| Recording Date: 04/24/2001 | Sale Date: |
| Document Number: 5357.1244 | Sale Price: $583,115.00 |
| Document Type: DEED TRANSFER | Sale Type: |
| Title Company: | |
| Buyer: LEWIS,RICHARD A | |
| Seller: CUTLER GROUP INC | |

*Finance:*
| | |
|---|---|
| Recording Date: 04/24/2001 | Finance Type: NEW CONSTRUCTION |
| Document Number: 8962.926 | Mortgage Loan Type: CONVENTIONAL |
| Document Type: TRUST DEED/MORTGAGE | Mortgage Term: |
| Lender: SOVEREIGN BANK | Mortgage Rate Type: FIX |
| Loan Amount: $400,000.00 | Mortgage Rate: |
| Borrower: LEWIS RICHARD A | |

### Voluntary Lien Date Ranges for Montgomery, PA

| | Sales | Mortgages | Assignments | Releases | Foreclosures |
|---|---|---|---|---|---|
| Start Date | 01/03/1997 | 01/03/1997 | 06/01/2012 | 06/01/2012 | 08/01/2012 |
| End Date | 03/04/2016 | 03/09/2016 | 03/09/2016 | 03/08/2016 | 03/05/2016 |

**www.datatree.com**

Case ID: 170202422

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
-All Rights Reserved-



**Certified Forensic Loan Auditors**

1. Item 9.  Richard A. Lewis acquired property for $503,115 on 4/24/2001, financing purchase with a loan of $400,000.

2. Item 8.  Loan refinancing prior to subject loan.

3. Item 7.  Richard A. Lewis and Trina M. Lewis refinanced property on 8/19/2003 in the amount of $460,000 for an 80% loan to value ratio.  This loan which was recorded on 12/3/2003 is the subject of this report.

4. Items 6-3.  Three (3) loan refinancings and one (1) loan release.

5. Item 2.  Foreclosure action against subject loan brought by foreclosing parties with impropriety as noted in body of report.  Assignment made approximately ten years and five months after economic transfer into identified trust without supporting detail by an unauthorized party approximately eleven years after the closing date of the trust.  Document violated SEC governing documents and is invalid.  <u>Examiner recommends immediate rescission of document for rightful foreclosure to proceed; and production and review of all purchase documents and then notarized note endorsements among all relevant intervening parties as stated in SEC governing documents.</u>

6. Item 1.  Foreclosure action against subject loan dependent upon invalid Assignment of Mortgage Item 2.  Notice of Sale.

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
All Rights Reserved.
Case ID: 170202422



**Certified Forensic Loan Auditors**



## AFFIDAVIT OF FACTS

STATE OF CALIFORNIA )

                        ) sv.: AFFIDAVIT

COUNTY OF LOS ANGELES )

RE:  Richard A. Lewis and Trina M. Lewis

I, MICHAEL CARRIGAN, a citizen of the United States and the State of California over the age of 21 years, and declare as follows, under penalty of perjury that the facts stated herein are true, correct and complete. The undersigned believes them to be true and admissible as evidence in a court of law, and if called upon as a witness, will testify as stated herein:

1. That I am a subscriber of the Bloomberg Professional Service, certified and licensed to use such service. I have completed the required training and engaged in continuing education with Bloomberg – both online and at Bloomberg live training events, to stay abreast with Bloomberg's latest progress and developments. I have the requisite knowledge and the trained ability to navigate and perform effective searches on the Bloomberg terminal.

2. I am a Certified Mortgage Securitization Auditor and my qualifications, expertise and experience provide me with the background necessary to certify the audit services and to be qualified as an expert in this field. I have produced approximately three thousand five hundred Securitized Analysis Reports in residential and commercial real estate mortgage investigation in 49 states, the District of Columbia and Puerto Rico, have testified as an expert witness, and have trained auditors in California, Florida, Georgia, Nevada, New York, New Jersey and Virginia and via the Internet in webinar format. I have a Bachelor's degree with a concentration in Accounting in Business Administration from California State University, Fullerton; a Master's in Business Administration from the UCLA Anderson School of Management; and have had formal training and career experience in accounting; financial reporting; internal control; SEC reporting; financial planning and analysis; financial forecasting; initial public and secondary offerings; corporate tax; corporate finance; investment management; equity, fixed income and derivative securities; credit analysis; asset valuation; ethics; investment advisory services including Series 7 and 66 licensing; real estate investment; real estate finance; real estate principles; redevelopment; government accounting; and procurement.

3. I have the trained skills and qualifications to navigate and perform searches on the Bloomberg terminal in regards to the automated tracking and determination of mortgage and loan related documents and information.

4. The contents of this report are factual, but it is provided for information purposes only and is not to be construed as "legal advice."[1]

[1]The client has been strongly advised to seek legal consultation from a competent legal professional in connection with the contents of this report and how to properly use it.

*CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016*
*All Rights Reserved.*



**Certified Forensic Loan Auditors**

5. On March 25, 2016, I researched the Bloomberg online Database at the request of RICHARD A. LEWIS and TRINA M. LEWIS whose property address is 344 Franklin Court, Ambler, PA 19002.

6. Based on the information I was provided, RICHARD A. LEWIS and TRINA M. LEWIS signed a Promissory Note in favor of Lehman Brothers Bank, F.S.B. on August 18, 2003.

7. The loan was identified in the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS with the Master Servicer being AURORA LOAN SERVICES, INC.; the Sponsor / Seller being LEHMAN BROTHERS HOLDINGS, INC.; and the Depositor being STRUCTURED ASSET SECURITIES CORPORATION.

8. The basis of the identification of Loan in the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS was made from the following factors/information that exactly correspond with RICHARD A. LEWIS and TRINA M. LEWIS's loan documents provided:  Loan Number: 15523848;  Original Amount: $460,000.00;  Origination Date: August 18, 2003;  Location of Property: Pennsylvania; Property Type: Planned Unit;  Occupancy: Owner Occupied;  Zip Code: 19002;  Type Loan: 30 Fixed  Rate Mortgage with Prepayment Rider.

9. RICHARD A. LEWIS and TRINA M. LEWIS's Note was split-apart or fractionalized, as separate accounting entries and deposited separately into Classes.  Each Class is insured up to 30 times the face value of each Note therein, which is permissible under the Federal Reserve System.

10. Pursuant to my extensive research, I have found the Loan in twelve (12) Classes of the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS.  These classes represent the sections that the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS is divided into.  Individuals invest in these Classes based on their desired maturities, yield, credit rating and other factors.  The STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS pays interest, usually monthly, to investors and principal payments are paid out in the order of the maturity and as specified in trust agreements.

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
All Rights Reserved.



**Certified Forensic Loan Auditors**

11. Below are the classes the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS has been divided into and their CUSIP number which is a nine (9) character alphanumeric code identifying any North American security for the purpose of facilitating clearing and settlement of trades.



12. There are a total of twelve (12) classes in the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS.

13. The loan is in twelve (12) classes. Eight (8) classes out of the twelve (12) have been paid (Pd.). The loan is in the All Collateral Group.

By:

Michael Carrigan
Certified Mortgage Securitization Auditor / Bloomberg Specialist

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
All Rights Reserved.



**Certified Forensic Loan Auditors**

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT          CIVIL CODE § 1189

> A Notary public or other completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA       )
                                  ) sv: ACKNOWLEDGEMENT
COUNTY OF LOS ANGELES  )

On _March 31_, 2016 before me, _Francis Max Komine_
                                         (Notary Public)

personally appeared **MICHAEL CARRIGAN**, who proved to me on the basis of satisfactory evidence to be the man whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument under the penalty of perjury.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Francis Max Komine_ (Seal)

FRANCIS MAX KOMINE
Commission # 2110362
Notary Public - California
Los Angeles County
My Comm. Expires May 7, 2019

My commission Expires _May 7, 2019_

CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2007-2016
All Rights Reserved.

### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### COURT OF COMMON PLEAS OF PHILADELPHIA

Richard A. Lewis
Trina M. Lewis

EFile #: 1702016078

     Petitioner
VS

CitiMortgage, Inc.

Citimortgage Inc.
1000 Technology Drive
O' Fallen, MO. 63368-2240

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

10-284

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Richard A. Lewis,
Trina m. Lewis

      Plaintiffs,

v.

                                CIVIL ACTION NO._____

                                JURY TRIAL DEMANDED

CITIMORTGAGE INC.

      Defendant.
_____/

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiffs Richard A. Lewis, Trina m. Lewis, pro se's files this

Complaint with a demand for a Trial by Jury against the Defendant CITIMORTGAGE INC.

### HISTORY

1.  On August 18, 2003 Plaintiffs Richard A. Lewis and Trina M. Lewis signed a Mortgage

agreement with , the original alleged lender LEHMAN BROTHERS BANK, F.S.B. "MERS" is

not named as the payee of the note, but is named as acting solely as "nominee" for

the lender as the beneficiary of the security interest Security Deed.

Plaintiff wanted to negotiate a modification agreement .

2. Plaintiff started to be suspicious as to who really is the right party to submit their

paper works to, because Plaintiffs didn't and don't know who is the real party of

interest. The alleged mortgage was securitized in a pool as "STRUCTURED ASSET

SECURITIES  CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS".

1

3. Defendants CITIMORTGAGE INC., illegally foreclosed on plaintiffs home without proper standing to do so.

4. Defendants has no legal standing to Foreclose on Plaintiffs property, because defendants has committed various frauds to try to claim standing.

## COUNT 1

### FRAUD COMMITTED BY DEFENDANT CITIMORTGAGE.

5.   For the Defendant CITIMORTGAGE INC to have standings being not the original lender, the Defendant must have the Original promissory note assigned to it.

6   In re foreclosure of Goforth Props., Inc., 334 N.C. 369, 375, 432 S.E. 2d 385, 388 (1978). That the party seeking to foreclose on a promissory note is the holder of said note is essential element of the action and the debtor is entitled to demand strict proof of this element.

7. There is NO CHAIN OF TITLE on the note , nor on the MERS milestone report that Gives CITIMORTGAGE INC, the right to enforce the Plaintiffs note.
Robo Signing fraud invokes, the defendant falsely claimed legal standing by use of names such as assignee and Trustee, False Statements and evidence to invoke jurisdiction.

8. If defendant CITIMORTGAGE INC, produces a promissory note, it will be obviously fake because when the note is securitized it is now converted into a stock on the stock market.

9  Defendant CITIMORTGAGE INC, Violated Ethics/Fiduciary responsibilities.

2

Case ID: 170202422

COUNT 2

CHAIN OF TITLE IS BROKEN IN THE SECURITIZATION PROCESS
AND U S BANK N.A. ET AL CANNOT ENFORCE THE NOTE.

10. In the Supreme Court ruling Carpenter v. Longan 83 U S 271 (1872), the Supreme

Court ruled that the Deed of Trust/Mortgage cannot be separated from the

promissory note, as one backs up the other. If the note is separated from the

mortgage/Deed of Trust, Bifurcation is triggered, the chain of Title has been broken,

the note is now defective and is unenforceable.

Under the Financial Accounting Standard 140, it says that once a loan has been sold into a

pooling and servicing agreement, the lender forever loses control of the asset.

11. This loan is a permanent fixture of the "STRUCTURED ASSET SECURITIES

CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-36XS"

There is no Chain of Title that gives the defendant the right to enforce the

promissory note.

PROBLEMS CREATED WHEN MERS GET INVOLVED IN A SECURITIZED
LOAN.

12. The Defendant committed fraud in the original paperwork via MERS and the

securitization process. MERS is just a Mortgage Electronic Registry Service, and it

cannot be assigned a Mortgage and promissory note. In Carpenters v. Longan 83

U.S. (1874), The U.S. Supreme Court ruled that the mortgage/deed of Trust cannot

be separated from the mortgage because one backs up the other. How can one

3

Case ID: 170202422

Electronically keep an original promissory note?

13. In In re Szumowski, Case No. 10-12431 (REL), USBC, Northern District of New York,

Federal Home Loan Mtg. Corp. v. Raia, 29 Misc.3d 1226 (A), 2010 WL 4750043, 2010 NY Slip

OP. 52003 (U)(Dist. Ct. Nassau Co. Nov. 23, 2010.)

In In re Bevins, Jr., Case No. 10-12856, USBC, Northern District of New York, Albany

Division, United States Trustee Davis also filed a response to the debtor's objections to

a proof of claim filed by a mortgage servicer. In the Bevins case, the mortgage servicer

was GMAC as servicer for Deutsche Bank Trust Company Americas as Trustee for RALI

2006QS18. Once again, Elpiniki Bechakas signed the Assignment of Mortgage relied

upon by GMAC and attached to the proof of claim. On this Assignment, Bechakas

again signed as an "Assistant Secretary and Vice president of Mortgage Electronic

Registration Systems, Inc." The Trustee again asserts that Deutsche Bank has no

standing because an Assignment of Mortgage does not demonstrate that there was also

an assignment of the underlying note.

## SUBJECT MATTER JURISDICTION

14. This Court has original jurisdiction over all civil actions arising under the Constitution,

or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which

grants the District Court original jurisdiction in any civil action authorized by law to be

commenced by any person to recover damages to secure equitable or other relief under

any act of Congress providing for the protection of civil rights.

This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant

4

to 28 U.S.C. § 1367.

This complaint being brought under Federal Mortgage Fraud allegations, as above

mentioned under the various frauds alleged under the FRAUD paragraph mentioned

above, notes that the   court has Subject Matter Jurisdiction over this complain. UCC

UCC3-308 Proof of Signature.

UCC 3-202- Invalid Allonges/False Assignment of mortgage.

## PLAINTIFFS DAMAGES

15. Defendant action has caused Plaintiffs to suffer severe Financial damages fighting to save

their homes from Fraud. Plaintiffs also suffered as a result of defendants action,  mental

stress,  anguish and sleepless nights on and off over the last few years.

WHEREFORE Plaintiffs motions this court to award monetary judgment to Plaintiffs in

The amount of $2,000,000.00, for Misrepresentation and to Fraudulently defraud

Plaintiffs of their home.

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of  this foregoing document was served

upon all parties below by placing a copy of all document listed in the United States by way of
certified mail and or hand delivery on the_____19th_____day of January 2017.

Party being served:                                      By:

Citimortgage Inc.                                        Richard A. Lewis
1000 Technology Drive                                    Trina M. Lewis
O' Fallen, MO. 63368-2240                                344 Franklin Ct.
                                                         Ambler, PA. 19002

Richard A Lewis

Trina Lewis

5

Case ID: 170202422

## CERTIFICATE OF SERVICE

I, Heather Russell Fine, hereby certify that on this 13th day of March, 2017, I caused a true and correct copy of the foregoing Notice of Removal to be served via the Court's e-notification system and U.S. First Class Mail upon all counsel of record and all unrepresented parties.

Heather Russell Fine, Esq.

6