IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. LEWIS and TRINA M. LEWIS,<br><br>   *Plaintiffs,*<br><br> v.<br><br>CITIMORTGAGE, INC.,<br><br>   *Defendant*. | CIVIL ACTION<br>NO. 17-01104 |

## ORDER

**AND NOW**, this 17th day of January, 2018, upon consideration of Plaintiffs' Complaint, (ECF No. 1), and Defendant CitiMortgage, Inc.'s Motion to Dismiss, (ECF No. 17), it is hereby **ORDERED** that the Motion is **GRANTED**.[1]  Plaintiffs' Complaint

---

[1] This is the second lawsuit that Richard and Trina Lewis have filed in an effort to avoid or change a 2015 foreclosure judgment involving their home.  They assert two claims against CitiMortgage, Inc., which moves to dismiss the Lewises' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court grants the Motion because the Lewises' claims are barred by *res judicata*.
 In 2014, Wilmington Trust filed a foreclosure action against the Lewises in the Montgomery County Court of Common Pleas.  *See Wilmington Trust Co. v. Lewis, et al.*, No. 2014-09942 (Pa. Ct. Com. Pl. 2014).  While represented by counsel, the Lewises asserted several affirmative defenses to Wilmington's complaint, including that Wilmington lacked standing.  *Id.*  The court granted Wilmington's motion for summary judgment and the Lewises did not appeal.  *Id.*
 In 2016, again represented by counsel, the Lewises sued CitiBank, N.A., CitiMortgage, Wilmington and Mortgage Electronic Registrations Systems, Inc. in the Montgomery County Court of Common Pleas, asserting, *inter alia*, claims for wrongful foreclosure and various forms of fraud.  *Lewis v. Citibank, N.A.*, 179 F. Supp. 3d 458 (E.D. Pa. 2016).  CitiMortgage removed the case to federal court and moved to dismiss the complaint.  *Id.*  Judge Dalzell dismissed the complaint with prejudice, finding that the Lewises' wrongful foreclosure claim was barred by the *Rooker-Feldman* doctrine and that their fraud claims were barred by *res judicata*.  *Id.* at 462–63.
 In January 2017, the Lewises, now *pro se*, filed this lawsuit in the Philadelphia County Court of Common Pleas and CitiMortgage removed the case to federal court. (ECF No. 1, Ex. 1 at 65–66.)  The Complaint is a mish-mash of allegations and legal arguments seemingly adapted from elsewhere.  Construing their pleading generously, *see Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), the Lewises seem to be asserting claims for fraud and wrongful foreclosure, *see* (ECF No. 1, Ex. 1 at 65–66).  Count One alleges that CitiMortgage "falsely claimed legal standing by use of names such as assignee," and that any promissory note produced by CitiMortgage is fraudulent.  (*Id.* at 65.)  Count Two, titled "Chain of Title is Broken in the Securitization Process and US Bank N.A.

is **DISMISSED with prejudice**.  The Clerk of Court is directed to mark this case closed.

BY THE COURT:

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.

---

*et al* Cannot Enforce the Note" is apparently the wrongful foreclosure claim.  *See id.* at 66 (alleging that "[t]here is no Chain of Title that gives the defendant the right to enforce the promissory note"). CitiMortgage again filed a Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 17.)  The Lewises did not respond.

       The Lewises' claims are barred by *res judicata*.  Federal courts look to "the law of the adjudicating state to determine its preclusive effect."  *Del. River Port Auth. V. Fraternal Order of Police*, 290 F.3d 567, 573 (3d Cir. 2002).  "Pennsylvania law regarding claim preclusion essentially mirrors the federal doctrine."  *Laychock v. Wells Fargo Home Mortgage*, 399 Fed. App'x 716, 718–19 (3d Cir. 2010).  "*Res judicata,* or claim preclusion, is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action.  Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action."  *Id.* (quoting *Balent v. City of Wilkes–Barre,* 669 A.2d 309, 313 (Pa. 1995)).  "The doctrine applies not only to claims that are actually litigated, but also to those that could have been litigated in the first proceeding, so long as they were part of the same cause of action."  *Id.* (quoting *Balent*, 669 A.2d at 313).

       Each element of *res judicata* is met in this case.  First, the foreclosure action that began in 2014 resulted in a final judgment on the merits for *res judicata* purposes.  *See Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973) ("the law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of *res judicata*….").  Second, the same parties or their privies are involved in the foreclosure action and this case.  *See Lubrizol Corp. v. Exxon Corp.*, 929 F.3d 960, 963 (3d Cir. 1991).  In the foreclosure action, the Lewises asserted the defense of wrongful foreclosure against Wilmington, alleging that Wilmington lacked standing.  Here, CitiMortgage is in privity with Wilmington because Wilmington assigned the Lewises' mortgage to CitiMortgage.  *See Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) ("nonparty preclusion may be justified based on a variety of pre-existing [relationships, including] assignee and assignor."); *see also Lewis*, 179 F. Supp. 3d at 463.  Finally, the Lewises' claims for wrongful foreclosure and fraud could have been litigated in the foreclosure action; they both pertain to CitiMortgage's conduct with respect to the Lewises' mortgage.  *See Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed. App'x 149, 153–54 (3d Cir. 2008) (finding plaintiff's fraud claims "predicated on the same underlying transaction" precluded even if plaintiff had not been aware of the fraud at time of the state court proceedings). "[I]n light of the 'essential similarity of the underlying events giving rise' to" the Lewises' claims, the judgement in the foreclosure action precludes the Lewises from maintaining this case.  *Lewis v. Smith*, 361 Fed. App'x 421, 424 n.5 (3d Cir. 2010) (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982)).